IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| AUGUST MUGGAR, § | |
|     Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. _____ |
| § | |
| FRANCISCO VELEZ PALACIOS § | |
| AND STATE FARM MUTUAL § | |
| AUTOMOBILE INSURANCE § | |
| COMPANY, § | |
|     Defendants § | |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company files this Notice of Removal pursuant to 28 U.S.C. Section 1332(a)(1) and 28 U.S.C. Section 1446, and respectfully shows as follows:

### PROCEDURAL BACKGROUND

1. On July 18, 2023, Plaintiff August Muggar ("Plaintiff") filed Plaintiff's Amended Petition, adding State Farm Mutual Automobile Insurance Company ("State Farm") as an additional defendant in Cause No. 120487-CV, *August Muggar v. Francisco Velez Palacios*, in the 239th Judicial District Court of Brazoria County, Texas.[1]

2. State Farm was served with Plaintiff's Amended Petition on July 21, 2023. On August 11, 2023, State Farm filed its Original Answer in state court.[2]

---

[1] Ex. A – Plaintiff's Amended Petition. Plaintiff originally filed suit on November 14, 2022, with the filing of Plaintiff's Original Petition. However, the only defendant named in Plaintiff's Original Petition was Francsico Velez Palacios.

[2] Ex. B – Defendant State Farm Mutual Automobile Insurance Company's Original Answer.

### NATURE OF SUIT

3. This lawsuit involves claims by Plaintiff for personal injuries arising out of an auto-pedestrian accident in Brazoria County, Texas, on or about February 20, 2022.[3] Plaintiff alleges he sustained "serious and disabling bodily" as a result of the accident in which a vehicle driven by Defendant Francisco Velez Palacios ("Palacios") struck Plaintiff, who was a pedestrian.[4] Plaintiff claims that he is entitled to recover underinsured motorist benefits from State Farm for the damages he allegedly sustained as a result of the accident and the alleged negligence and negligence per se of Palacios.[5] Plaintiff also asserts claims against State Farm for breach of contract, bad faith insurance practices in violation of unspecified statutes of the State of Texas, and breach of the Texas Deceptive Trade Practices Act.[6]

4. Plaintiff seeks the recovery of damages in both the past and future for physical pain and mental anguish, physical impairment, disfigurement, and reasonable and necessary medical bills and expenses.[7] In addition, Plaintiff seeks the recovery of pre- and post-judgment interest[8] and costs of court.[9]

5. Plaintiff's Amended Petition pleads for monetary relief "over $200,000 but less than $1,000,000.00."[10]

---

[3] *See generally* Ex. A – Plaintiff's Amended Petition.
[4] *Id.* at §§ IV and VI.
[5] *Id.* at §§ IV and V.
[6] *Id.* at § V.
[7] *Id.* at § VI.
[8] *Id.* at § VI and PRAYER
[9] *Id.* at PRAYER.
[10] *Id.* at § VI.

## THE CITIZENSHIP OF FRANCISCO VELEZ PALACIOS MUST BE DISREGARDED BECAUSE HE HAS BEEN IMPROPERLY JOINED AND IS, AT MOST, A NOMINAL PARTY FOR DIVERSITY PURPOSES

6. The improper joinder doctrine is a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). A plaintiff may not defeat federal jurisdiction by naming an improperly-joined defendant who is non-diverse in the lawsuit to defeat diversity. *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). Thus, the improper joinder inquiry turns on whether or not the non-diverse defendant is properly joined. *Cuevas*, at 249. One of the two ways the removing defendant can demonstrate improper joinder is by showing the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *Id.* If there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the non-diverse defendant, then the improper joinder doctrine applies and the court can disregard the presence of the non-diverse defendant. *Cuevas*, at 249; *see Bromeland v. Posthumus*, No. DR-07-CA-021-AML\VRG, 2008 U.S. Dist. LEXIS 130977, at *8–13 (W.D. Tex. 2008).[11]

7. Plaintiff has sued Palacios, who, like Plaintiff, is allegedly a citizen of Texas.[12] However, Plaintiff has since settled with Palacios and, in doing so, has released all claims that were brought or could have been brought by Plaintiff against Palacios arising

---

[11] "A mere theoretical possibility that the plaintiff might be able to recover" against the non-diverse defendant "will not preclude a finding of improper joinder." *Moore v. Goodyear Tire & Rubber Co.*, No. 04:10-CV-372-A, 2010 U.S. Dist. LEXIS 80703, at *8 (N.D. Tex. 2010).
[12] Ex. A – Plaintiff's Amended Petition at § II.

out of the subject auto-pedestrian accident.[13] By settling his claims against Palacios and releasing Palacios, Plaintiff has effectively removed Palacios from this lawsuit as a party for purpose of diversity analysis. *Bromeland v. Posthumus*, No. DR-07-CA-021-AML\VRG, 2008 U.S. Dist. LEXIS 130977, at *8–13 (W.D. Tex. 2008); *see Estrada v. Diversicare Hillcrest, LLC,* No. A-17-CA-00032-SS, 2017 U.S. Dist. LEXIS 49196, at *6–10 (W.D. Tex. 2017). As the Texas Supreme Court has observed: "[A] release surrenders legal rights or obligations between the parties to an agreement. It operates to extinguish the claim or cause of action as effectively as would a prior judgment between the parties and **is** an absolute bar to any right of action on the released matter." *Dresser Indus. v. Page Petroleum*, 853 S.W.2d 505, 508 (Tex. 1993) (emphasis added) (internal citations omitted). Moreover, "[A release] conclusively estops the releasor from making further efforts to enforce the claim released." *Hart v. Traders & Gen. Ins. Co.*, 144 Tex. 146, 149, 189 S.W.2d 493, 494 (1945) (emphasis added). For these reasons, the Fifth Circuit, in affirming the denial of a motion to remand, has held that the existence of a release signed by a plaintiff that releases the non-diverse defendant from claims arising from or connected with the subject matter of the lawsuit establishes that plaintiff's inability to pursue a cause of action against the non-diverse defendant in state court. *Hood v. Tinta*, 247 F. App'x 531, 533 (5th Cir. 2007). Moreover, because such a settlement forecloses the ability of Plaintiff

---

[13] Ex. C – Full Release of All Injury Claims with Indemnity. On August 10, 2023, Plaintiff's counsel's legal assistant emailed State Farm's counsel confirming that Plaintiff has settled his claims against Palacious (after previously having received consent to settle from State Farm) and Plaintiff had executed a release of his claims against Palacios. With the same email, Plaintiff's counsel attached a copy of the aforementioned Full Release of All Injury Claims with Indemnity, which had been executed by Plaintiff (and Donna Muggar), to counsel for State Farm.

to recover from Palacios, Palacios would also qualify as "a nominal party and his citizenship disregarded for removal purposes." *Bromeland*, at *25–27.

## BASIS FOR REMOVAL

8. Removal is proper under 28 U.S.C. Section 1332 because there is complete diversity of citizenship between Plaintiff and State Farm after disregarding the citizenship of Palacios, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Plaintiff is a citizen of the State of Texas, according to Plaintiff's Amended Petition.[14]

10. State Farm was, at the time suit was filed, and still is a citizen of Illinois. State Farm was incorporated under the laws of the State of Illinois, and its home office and principal place of business are in Bloomington, Illinois.[15] Accordingly, diversity of citizenship exists between Plaintiff and State Farm.

11. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff pleads in his Amended Petition for monetary relief "over $200,000 but less than $1,000,000.00."[16] Pursuant to 28 U.S.C. Section 1446(c)(2), when removal is predicated upon diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. . . ."

---

[14] *Id.* at § II.
[15] *See also* Defendant State Farm Mutual Automobile Insurance Company's Disclosure Statement (Dkt. 002), which is being filed on the same day as this Notice of Removal.
[16] *Id.* at § VI.

## THE REMOVAL IS PROCEDURALLY CORRECT

12.  State Farm was served with Plaintiff's Amended Petition, which added it as a defendant to the lawsuit for the first time, on July 21, 2023. State Farm is filing this Notice of Removal within the 30-day time period set forth in 28 U.S.C. Section 1446(b). *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298 (5th Cir. 2014) (holding that a defendant's right to removal under 28 U.S.C. § 1446(b) and (c) ordinarily runs from the date it is served with process). However, this Notice of Removal is also timely under a 30-day period that is separately triggered, pursuant to 28 U.S.C. § 1446(b)(3), when the defendant receives a copy of an "other paper" from which it can be ascertained that the case has become removable. *See Estrada*, 2017 U.S. Dist. LEXIS 49196 (noting that, following a settlement between a plaintiff and the only defendant that is not diverse, a communication from the settling party's attorney confirming the settlement constitutes an "other paper" from which it may first be ascertained that the case is removable, thereby triggering a new 30-day window to remove the case to federal court).[17]

13.  Venue is proper in this district under 28 U.S.C. Section 1446(a) because this district and division are the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this district.[18]

14.  Pursuant to 28 U.S.C. Section 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice as Exhibit D.

---

[17] *See* n.13, *supra*.
[18] Ex. A – Plaintiff's Amended Petition at § III.

15. Pursuant to 28 U.S.C. Section 1446(d), promptly after State Farm files this Notice of Removal, written notice of filing of this Notice of Removal will be given to Plaintiff, the adverse party.

16. Pursuant to 28 U.S.C. Section 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the 239th Judicial District Court of Brazoria County, Texas, promptly after State Farm files this Notice.

**JURY DEMAND**

15. Pursuant to Federal Rule of Civil Procedure 38, State Farm demands a trial by jury.

**PRAYER**

16. Defendant State Farm Mutual Automobile Insurance Company requests this action be removed from the 239th Judicial District Court of Brazoria County, Texas, to the United States District Court for Southern District of Texas, Galveston Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LOTZ LAW FIRM PLLC

By: _____
Christopher A. Lotz
State Bar No. 24031630
S.D. Tex. ID: 619999
4511 Yoakum Blvd., Suite 200
Houston, Texas 77006
713-654-5800 (telephone)
713-654-5801 (facsimile)
clotz@lotzlawfirm.com

*Attorney-in-Charge for Defendant State Farm Mutual Automobile Insurance Company*

OF COUNSEL:

Anne-Marie Abarado
State Bar No. 24040383
S.D. Tex. ID: 1068634
4511 Yoakum Blvd., Suite 200
Houston, Texas 77006
713-654-5800 (telephone)
713-654-5801 (facsimile)
aabarado@lotzlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify service of a true and correct copy of the foregoing Defendant State Farm Mutual Automobile Insurance Company's Notice of Removal will be automatically accomplished through the Notice of Electronic Filing on the 21st day of August, 2023, upon the following counsel of record:

Scott A. Sanes
SANES & LARKIN LAW FIRM, LLP
11200 Broadway, Suite 2705
Pearland Town Center - Offices East
Pearland, TX 77584
scott@saneslarkin.com

Robert T. Rice
RICE LAW OFFICE
100 N. Velasco St.
Angleton, Texas 77515
attorneyrice@aol.com

_____
Christopher A. Lotz